IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTY MANUELITO,

    Petitioner,

v.                                                                                          1:22-cv-00720-JB-JMR

UNITED STATES OF AMERICA,

    Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Marty Manuelito's Motion to Correct an Illegal Sentence Under 28 U.S.C. § 2255. Doc. 3. Respondent filed a response, as ordered by the Court. Docs. 4, 8. Mr. Manuelito filed a reply. Doc. 13. The respondent declined to file a sur-reply. Doc. 14. The Honorable District Judge James O. Browning referred the case to me pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (b)(3) to conduct hearings, if warranted, and to perform any legal analysis required to recommend to the Court an ultimate disposition of this case. Doc. 11. Having reviewed the parties' submissions and the relevant law, I recommend that the Court DENY Mr. Manuelito's motion with prejudice.

**I.    Background**

On September 15, 2021, Mr. Manuelito pleaded guilty to assault resulting in serious bodily injury, in violation 18 U.S.C. §§ 1153 and 113(a)(6), and assault with a dangerous weapon, in violation of 18 U.S.C. 1153 and 113(a)(3). Doc. 3 at 2. Mr. Manuelito's plea agreement was made pursuant to FED. R. CRIM. P. 11(c)(1)(B), meaning that his final sentence would be determined by a judge with a recommendation from the government. Doc. 8-1 at 16; FED. R. CRIM. P. 11(c)(1)(B) (the government's sentencing "recommendation or request does not bind the court").

The Presentence Report ("PSR") calculated Mr. Manuelito's offense level at 23 and his criminal history as a category V resulting in a sentencing guideline range of 84–105 months imprisonment. PSR ¶ 103. At the sentencing hearing, the government recommended a sentence at the low end of Mr. Manuelito's guideline range. Doc. 8-2 at 20. Mr. Manuelito's attorney requested a one-day sentence. Doc. 3 at 5. The Court sentenced Mr. Manuelito to 84 months in prison. Doc. 8-2 at 31.

## II.     Mr. Manuelito's Claims

Mr. Manuelito argues that his trial counsel was unconstitutionally ineffective for three reasons:

1. Failing to adequately advise him of the consequences of his guilty plea;
2. Failing to object to the "dangerous weapon" sentencing guidelines enhancement; and
3. Failing to object to the "physical restraint" sentencing guidelines enhancement.

Doc. 3 at 5, 6, 8.

Mr. Manuelito's motion is timely because it was filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1); *see* Doc. 3 (filed Oct. 3, 2022); Doc. 8 at 2 (final judgment entered Sept. 21, 2021); *see also* FED. R. APP. P. 4(b)(1)(A)(i) (judgment made final after fourteen days when there is no notice of appeal).

## III.    Form of Mr. Manuelito's Claims

Mr. Manuelito's counsel submitted this motion on the AO 243 form. Doc. 3; *see also* FORMS, UNITED STATES COURTS, https://www.uscourts.gov/services-forms/forms (last visited Dec. 11, 2023). The form instructs, "[i]f you want to submit any legal arguments, you must submit them in a separate memorandum." AO 243, Motion to Vacate, Set Aside, or Correct a

Sentence By a Person in Federal Custody, at 1. Mr. Manuelito's attorney did not initially submit any legal memorandum or cite any law as part of his motion. *See generally* Doc. 3; *see also* D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced.").

Still, the government filed a response.[1] Doc. 8. The Court set a reply and sur-reply deadline noting the lack of legal argument in the original motion. Doc. 12. Mr. Manuelito's counsel filed a reply brief. Doc. 13. Aside from reciting the general legal test for ineffective assistance of counsel, the reply brief also lacked legal citation and any connection of law to the facts. *Id.*; *see also Chrismon v. Colvin*, 531 F. App'x 893, 896 (10th Cir. 2013) (unpublished) (citations omitted) (stating "it is not [the Court's] role to shore up [the movant's] argument for him").

## IV.   Merits

For each of his three claims, Mr. Manuelito fails to show that he is entitled to relief. First, Mr. Manuelito argues that his defense counsel was ineffective for inadequately advising him of the consequences of his plea. Doc. 3 at 5. Second, he argues that his defense counsel was ineffective for failing to object to a dangerous weapon sentencing enhancement. *Id.* at 6. Third, he argues that his defense counsel was ineffective for failing to object to a physical restraint sentencing enhancement. *Id.* at 8. All three claims fail on the merits.[2]

---

[1] The government also moved for a more definite statement under FED. R. CIV. P. 12(e). Doc. 7. However, the motion was mooted by the government's response. Doc. 8.

[2] Although Mr. Manuelito's claims fail on the merits, his arguments were certainly not strengthened by his counsel's failure to develop his legal arguments, despite having two separate opportunities to do so.

**A. Legal Standards**

Under 28 U.S.C. § 2255(a), a person in federal custody may challenge their sentence if it was made in "in violation of the Constitution or laws of the United States." If the challenge is successful, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

A criminal defendant is entitled to effective assistance of counsel. U.S. CONST. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish ineffective assistance of counsel, the defendant must show (1) that counsel's performance "fell below an objective standard of reasonableness," and (2) that counsel's deficient performance prejudiced the defense. *Id.* at 687–88. Courts identify these prongs as the performance prong and the prejudice prong. *See, e.g.*, *Boltz v. Mullin*, 415 F.3d 1215, 1222 (10th Cir. 2005). "These two prongs may be addressed in any order, and failure to satisfy either is dispositive." *Hooks v. Workman,* 689 F.3d 1148, 1186 (10th Cir. 2012). When assessing counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and that "the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (citation omitted). To demonstrate prejudice, a movant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Or in the plea context, the movant must show that "but for counsel's errors, he would not have pleaded guilty." *Boney v. Wilson*, 754 F.3d 872, 881 (10th Cir. 2014) (citations omitted).

Notably, "merely conclusory" allegations without factual support cannot sustain a claim. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). "Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *United States v. Dominguez*, 998 F.3d 1094, 1112 (10th Cir. 2021). A movant must point to "contemporaneous evidence" that he would not have pleaded guilty. *Id.*

**B. Analysis**

    **i.  Mr. Manuelito failed to show that he was not adequately advised of the consequences of his plea.**

Mr. Manuelito argues that he "did not enter into [] the plea agreement freely and voluntarily due to his trial counsel's failure to properly and adequately advise him of the . . . potential consequences of pleading guilty." Doc. 3 at 5. In response, the government argues that Mr. Manuelito was properly advised, and he was not prejudiced by this alleged error. Doc. 8 at 10–13. I find that Mr. Manuelito fails to show that his counsel did not adequately advise him of the consequences of his plea.

Mr. Manuelito fails to make a facial claim that he was not adequately advised before his plea. *See Chrismon*, 531 F. App'x at 896. He cites no law. He makes no legal argument. Instead, he makes two factual arguments—neither of which are sufficient to prove his claim. First, he argues that his defense counsel's request for a one-day sentence, in and of itself, proves that Mr. Manuelito did not know that he may be sentenced in accordance with the sentencing guidelines. Doc. 13 at 3. Second, he points to two emails from defense counsel to the government attorneys that he believes demonstrates his counsel's overconfidence in obtaining a reduced sentence for

Mr. Manuelito.³ *Id.* at 3–4. These two assertions, without more, do not show that Mr. Manuelito was unaware of the possibility that he would be sentenced within the sentencing guidelines range. *See United States v. Gonzalez*, 209 F. App'x 842, 848 (10th Cir. 2006) (unpublished) (denying appeal because defendant "failed to establish [that his defense counsel] assured him he would receive [a significantly lower sentence]"). Even if Mr. Manuelito's counsel had been as confident in the sentencing deviation as Mr. Manuelito currently claims, such confidence does not prove that counsel failed to fulfill her ethical duty of advising her client of the potential consequences of accepting his FED. R. CRIM. P. 11(c)(1)(B) plea. *See id.* Mr. Manuelito's only arguments relating to his plea advisement fail.

In contrast to his current claims, at his plea colloquy, Mr. Manuelito confirmed that he had gone over his sentencing guideline range with his attorney. Doc. 8-1 at 15. He confirmed that his attorney advised him of the nature of a FED. R. CRIM. P. 11(c)(1)(B) plea. *Id.* at 15–17. The Court reminded Mr. Manuelito that the Court is not bound by the guidelines and could go above or below the guidelines. *Id.* The Court advised Mr. Manuelito of his rights. *Id.* at 10–13. Despite his colloquy with the Court, Mr. Manuelito now argues that "nothing in the plea colloquy . . . indicates that former counsel properly and adequately advised Mr. Manuelito that

---

³ In the first email, defense counsel writes, "[w]e definitely intend to convince the court that Mr. Manuelito deserves a shot at probation/credit time served (w/ supervised release)." Doc. 8 at 11–12.

In the second email, defense counsel writes, [i]t is not a secret, that Mr. Manuelito wants us to seek probation." *Id.* at 11.

These email excerpts merely show defense counsel's intention to request a favorable outcome for her client. They do not show what defense counsel told her client. The full emails were not provided to the Court.

such a request for an extraordinary sentence was unrealistic." Doc. 13 at 4. But this argument inappropriately shifts the burden. *See Strickland*, 466 U.S. at 689 ("defendant must overcome the presumption that" trial counsel's conduct was reasonable). It is Mr. Manuelito's burden to prove that he was not adequately advised, not the government's burden to disprove it. *Id.* Mr. Manuelito offers no reason for the Court to disregard his own admissions at the plea colloquy, particularly his acknowledgment of the trial court's ultimate sentencing discretion. *Fisher*, 38 F.3d at 1147; *see also United States v. Sanchez*, 105 F.3d 670 (10th Cir. 1997) (unpublished table decision) ("[D]efendant's conclusory allegations regarding the plea agreement terms, which contradict the record made at the plea hearing, were insufficient. . . .").

Mr. Manuelito fails to show that his counsel erred by not adequately advising him about his plea agreement.

> ii. **Mr. Manuelito's counsel was not ineffective for failing to object to the "dangerous weapon" sentencing enhancement.**

Mr. Manuelito next argues that his trial counsel was ineffective for failing to "object to the four-level 'dangerous weapon' sentencing enhancement," under the sentencing guidelines. Doc. 3 at 6; *see also* U.S. Sent'g Comm'n Guidelines Manual § 2A2.2(b)(2)(B) (Nov. 2018) (enhancing an offense level by four points if a "dangerous weapon" was "used" during an aggravated assault). The government disagrees that this failure was a deficiency. Doc. 8 at 13–15. I find that Mr. Manuelito has not shown that his counsel's performance was deficient for not objecting to the dangerous weapons enhancement. *See Strickland*, 466 U.S. at 687.

Under Sentencing Guidelines § 2A2.2(b)(2)(B), an offense level is enhanced if a defendant "used" a "dangerous weapon" during an aggravated assault. U.S. Sent'g Comm'n Guidelines Manual § 2A2.2(b)(2)(B) (Nov. 2018). Here, the "dangerous weapon" was a knife.

Doc. 13 at 5–6; *see United States v. Pacheko*, 17 F.3d 1437 (10th Cir. 1994) (unpublished table decision) (noting a knife is a dangerous weapon under § 2A2.2(b)(2)(B)). The District Court found that Mr. Manuelito used a knife while assaulting the victim. Doc. 8-2 at 25. Specifically, Mr. Manuelito used a knife to forcibly cut the victim's hair while his co-defendants continued to attack the victim. Doc. 8 at 13; Doc. 13 at 5–6.

In his motion, Mr. Manuelito does not explain how opting not to object to the dangerous weapon sentencing enhancement was unreasonable. *See Strickland*, 466 U.S. at 687. He cites no law, and his sole argument is that "[n]o reasonable attorney would have given up such a critical factual issue" because the record was inconsistent as to whether Mr. Manuelito or one of his co-defendants used a knife to cut the victim's hair. Doc. 13 at 6. Yet, Mr. Manuelito does not rebut the government's response that Mr. Manuelito admitted that he was "probably" the one who used the knife to cut the victim's hair. Doc. 8 at 15 (citing PSR ¶ 30). Given her client's own admission, it was plainly reasonable for Mr. Manuelito's counsel to decline to object to the dangerous weapon sentencing enhancement. *See Sperry v. McKune*, 445 F.3d 1268, 1275 (10th Cir. 2006) (holding that the failure to raise a meritless objection is not ineffective assistance of counsel).

Mr. Manuelito fails to show that his counsel's performance was unreasonable in not objecting to the dangerous weapon sentencing enhancement.

### iii. Mr. Manuelito's counsel was not ineffective for failing to object to the "physical restraint" sentencing enhancement.

Mr. Manuelito argues that his trial counsel was ineffective for failing to "object to the two-level 'physical restraint' enhancement," under the sentencing guidelines. Doc. 3 at 8; *see also* U.S. Sent'g Comm'n Guidelines Manual § 3A1.3 (Nov. 2018) (enhancing an offense level

8

by two points if "a victim was physically restrained in the course of the offense"). The government argues that defense counsel's failure to object was "not unreasonable in light of the evidence and case law on the subject matter." Doc. 8 at 15–16. I find that Mr. Manuelito fails again to show that his counsel's performance was deficient for not objecting to the physical restraint sentencing enhancement. *See Strickland*, 466 U.S. at 687.

Under Sentencing Guidelines § 3A1.3, an offense level is enhanced if "a victim was physically restrained in the course of the offense." U.S. Sent'g Comm'n Guidelines Manual § 3A1.3 (Nov. 2018). The guidelines define "physically restrained" as "forcible restraint of the victim such as by being tied, bound, or locked up." *Id*. at § 1B1.1, comment. (n.1(L)). Case law further specifies that "restraint" means that "the defendant's conduct must hold the victim back from some action, procedure, or course, prevent the victim from doing something, or otherwise keep the victim within bounds or under control." *United States v. Checora*, 175 F.3d 782, 790 (10th Cir. 1999) (citations omitted).

Mr. Manuelito does not explain why opting not to object to the physical restraint sentencing enhancement was unreasonable. *See Strickland*, 466 U.S. at 687. For the third time, Mr. Manuelito cites no law. Mr. Manuelito simply states that the physical restraint enhancement does not apply because the victim was not "tied or bound [] or locked [] up." Doc. 13 at 7; *see* U.S. Sent'g Comm'n Guidelines Manual § 1B1.1, comment. (n.1(L)) (Nov. 2018) (giving "being tied, bound, or locked up" as nonexclusive examples of physical restraint); *see also United States v. Roberts*, 898 F.2d 1465, 1470 (10th Cir. 1990) (citation omitted) (agreeing with the district court "that the examples set forth in the guidelines [for physical restraint] are by way of illustration and not limitation, and not exclusion."). In his motion, Mr. Manuelito omits that he

physically held the victim down "so that the other co-defendants could continue their assault of the [v]ictim and so that [v]ictim could not get up or fight back." Doc. 8 at 15. Holding the victim down to prevent escape is clearly a form of physical restraint as contemplated by the guidelines. *Checora*, 175 F.3d at 790. Mr. Manuelito's counsel made a sound strategic choice in choosing not to object to the physical restraint sentencing enhancement. *See Strickland*, 466 U.S. at 689 ("defendant must overcome the presumption that . . . the challenged action 'might be considered sound trial strategy'"); *see also Sperry*, 445 F.3d at 1275.

Mr. Manuelito fails to show that his counsel's performance was unreasonable in not objecting to the physical restraint sentencing enhancement.

## V.     Recommendation

Mr. Manuelito argues that his trial counsel was unconstitutionally ineffective for:

1.  Failing to adequately advise him of the consequences of his guilty plea;
2.  Failing to object to the dangerous weapon sentencing enhancement; and
3.  Failing to object to the physical restraint sentencing enhancement.

Doc. 3 at 5, 6, 8.  Mr. Manuelito fails to show that he is entitled to relief for any of these three grounds. I therefore recommend that the Court deny Mr. Manuelito's Motion to Correct an Illegal Sentence Under 28 U.S.C. § 2255 (Doc. 3) with prejudice.

## VI.    Certificate of Appealability

Lastly, I address whether Mr. Manuelito is entitled to a certificate of appealability. No appeal may be taken from a "final order in a proceeding under section 2255" unless the petitioner first obtains a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may be issued only if Mr. Manuelito "has made a substantial showing of the denial

of a constitutional right." 28 U.S.C. § 2253(c)(2). As set forth above, Mr. Manuelito has failed to make this showing. I therefore recommend that the Court deny Mr. Manuelito a certificate of appealability.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, **73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court.** *Id.* **In other words, if no objections are filed, no appellate review will be allowed.**

_____
JENNIFER M. ROZZONI
United States Magistrate Judge