IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTY MANUELITO,

    Petitioner,

vs.                                                                                                   No. CIV 22-0720 JB/JMR

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed December 18, 2023 (Doc. 15)("PFRD"); and (ii) on the Petitioner's Objections to Proposed Findings and Recommended Disposition, filed January 2, 2024 (Doc. 16)("Objections"). The PFRD of the Honorable Jennifer Rozzoni, United States Magistrate Judge for the United States District Court for the District of New Mexico, notified the parties of their ability to file objections within fourteen days and that failure to file objections so waived appellate review. See PFRD at 11. On January 2, 2024, Petitioner Marty Manuelito filed his Objections to the Magistrate Judge's PFRD. See Objections at 1. Two weeks later, Respondent United States of America filed the United States' Response to Petitioner's Objections to Proposed Findings and Recommended Disposition, filed January 16, 2024 (Doc. 17)("Response"). The primary issues are whether Manuelito's trial counsel was unconstitutionally ineffective for: (i) failing to adequately advise Manuelito regarding the consequences of entering into his guilty plea; (ii) failing to object to a "dangerous weapon" sentencing enhancement under § 2A2.2(b)(2)(B) of the United States Sentencing Guideline Manual (U.S. Sent'g Comm'n 2023)("U.S.S.G." or "Guidelines"); and (iii) failing to object to a "physical restraint" sentencing enhancement under

U.S.S.G. § 3A1.3.  Pursuant to rule 72(b) of the Federal Rules of Civil Procedure, the Court has conducted a de novo review of the record and has "given fresh consideration to" all parts of Magistrate Judge Rozzoni's PFRD to which Manuelito has properly objected.  United States v. Raddatz, 447 U.S. 667, 675 (1980)("Raddatz").  After conducting this de novo review, the Court will adopt Magistrate Judge Rozzoni's conclusions and deny Manuelito's Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody, filed October 3, 2022 (Doc. 3).

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition.  See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement.").  Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).  When resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the Magistrate Judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).  "The filing of objections to a magistrate [judge]'s report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties'

dispute." United States v. One Parcel of Real Prop., with Bldgs, Appurtenances, Improvements, & Contents, Known as: 2121 East 30th Street, Tulsa Okla., 73 F.3d 1057, 1059 (10th Cir. 1996) ("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act[, 28 U.S.C. §§ 631-639], including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir.1991)). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." One Parcel, 73 F.3d at 1060. In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit has stated that "the district court correctly

held that [a plaintiff] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007).[1]

The Tenth Circuit has also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate [judge']s order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")). In One Parcel, the Tenth Circuit notes that the district judge decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because such actions would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's PFRD "on . . . dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing."

---

[1]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on a United States Court of Appeals for the Tenth Circuit unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. [. . .] However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citing In re Citation of Unpublished Opinions/Ords. & Judgments, 151 F.R.D. 470 (10th Cir. 1993)). The Court concludes that Pevehouse v. Scibana has persuasive value with respect to material issues in this case, and will assist the Court in its preparation of this Memorandum Opinion and Order.

Raddatz, 447 U.S. at 674.  The Tenth Circuit has stated that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation."  In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995).  The Supreme Court of the United States has noted that, although a district court must make a de novo determination of the objections to recommendations under 28 U.S.C. § 636(b)(1), the district court is not precluded from relying on the Magistrate Judge's proposed findings and recommendations.  See Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate [judge]'s proposed findings and recommendations." (quoting 28 U.S.C. § 636(b)(1))).  See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla., 8 F.3d 722, 724-25 (10th Cir. 1993)(holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with a de novo determination, because "the district court 'may *accept*, reject, or modify, *in whole or in part*, the findings or recommendations made by the magistrate.'" (quoting 28 U.S.C. § 636(b)(1))(emphasis in Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla.)).

  Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course in the past and in the interests of justice, reviewed the Magistrate Judge's recommendations.  In Workheiser v. City of Clovis, where the plaintiff failed to respond to the Magistrate Judge's PFRD, although the Court determined that the plaintiff "has waived his opportunity for the Court to conduct review of the factual and legal findings in the [PFRD]," the Court nevertheless conducted such a review.  No. CIV 12-0485, 2012 WL 6846401, at *3 (D.N.M. Dec. 28, 2012)(Browning, J.).   Where no objections have been

made, however, the Court generally does not review the Magistrate Judge's PFRD de novo, nor determine independently what it would do if the issues had come before the Court first; rather, the Court adopts the PFRD where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, [obviously[2]] contrary to law, or an abuse of discretion." Workheiser v. City of Clovis, 2012 WL 6846401, at *3.

This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district

---

[2]The Court previously used as the standard for review when a party does not object to the Magistrate Judge's PFRD whether the recommendation was "clearly erroneous, arbitrary, contrary to law, or an abuse of discretion," thus omitting "obviously" in front of contrary to law. Solomon v. Holder, No. CIV 12-1039, 2013 WL 499300, at *4 (D.N.M. January 31, 2013)(Browning J.)(adopting the recommendation to which there was no objection, stating: "The Court determines that the PFRD is not clearly erroneous, arbitrary, contrary to law, or an abuse of discretion, and accordingly adopts the recommendations therein"); O'Neill v. Jaramillo, No. CIV 11-0858, 2013 WL 499521 (D.N.M. January 31, 2013)(Browning, J.)("Having reviewed the PRFD under that standard, the Court cannot say that the Magistrate Judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion. The Court thus adopts Judge Wormuth's PFRD.")(citing Workheiser v. City of Clovis, 2012 WL 6846401, at *3); Galloway v. JP Morgan Chase & Co., No. CIV 12-0625, 2013 WL 503744 (D.N.M. January 31, 2013)(Browning, J.)(adopting the Magistrate Judge's recommendations upon determining that they were not "clearly contrary to law, or an abuse of discretion."). The Court concludes that "contrary to law" does not reflect accurately the deferential standard of review which the Court intends to use when there is no objection. Finding that a Magistrate Judge's recommendation is contrary to law would require the Court to analyze the Magistrate Judge's application of law to the facts or the Magistrate Judge's delineation of the facts -- in other words performing a de novo review, which is required only when a party objects to the recommendations. The Court concludes that adding "obviously" better reflects that the Court is not performing a de novo review of the Magistrate Judges' recommendations. Going forward, therefore, the Court will review, as it has done for some time now, Magistrate Judges' recommendations to which there are no objections for whether the recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the Magistrate Judge's PFRD.

## ANALYSIS

After conducting "a *de novo* determination," Raddatz, 447 U.S. at 674, and reviewing the "relevant evidence of record," In re Griego, 64 F.3d at 584, the Court concludes that Magistrate Judge Rozzoni's conclusions regarding the merits of Manuelito's claims are correct, and Manuelito's terse responsive arguments in the Objections do not alter the correctness of Magistrate Judge Rozzoni's conclusions. Namely, in the Objections, Manuelito restates his argument that his plea was not made knowingly because his defense counsel "requested the Court impose a sentence of one day, but the Court imposed 84 months in prison instead." Objections at 2. This fact, Manuelio argues, demonstrates that Manuelito had a "clear understand[ing] that he'd be facing minimal jail time," and, consequently, that he did not understand the consequences of his guilty plea. See Objections at 1-2. For the same reasons as Magistrate Judge Rozzoni notes in the PFRD, the Court does not agree with this conclusion. See PFRD at 5-6. For this reason, along with the other reasons noted by Magistrate Judge Rozzoni in the PFRD, the Court will adopt Magistrate Judge Rozzoni's conclusions.

**IT IS ORDERED** that: (i) the Objections to Proposed Findings and Recommended Disposition, filed January 2, 2024 (Doc. 16), are overruled; (ii) the Proposed Findings and Recommended Disposition, filed December 18, 2023 (Doc. 15), is adopted; (iii) the Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody, filed October 3, 2022 (Doc. 3), is dismissed with prejudice; and (iv) Manuelito is not entitled to a Certificate of Appealability.

                                                                    _____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Joshua Sabert Lowther
Lowther | Walker LLC
Atlanta, Georgia

    *Attorney for the Petitioner Marty Manuelito*

Alexander M.M. Uballez
  United States Attorney
Nicholas James Marshall
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Respondent*